**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.S.-1, L.S.-2, and E.S.**

**No. 21-0242** (Wood County 19-JA-118, 19-JA-120, and 19-JA-121)

**MEMORANDUM DECISION**

Petitioner Father N.S., by counsel Robert D. Campbell, appeals the Circuit Court of Wood County's February 16, 2021, order terminating his parental rights to L.S.-1, L.S.-2, and E.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Matthew E. DeVore, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect and in terminating his parental rights rather than extending his improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2019, the DHHR filed a child abuse and neglect petition against petitioner and the mother alleging that then two-day-old L.S.-1 suffered a skull fracture and subdural hematoma while in their care in the hospital room. The DHHR alleged that once hospital staff discovered the child's head injury, the mother claimed she was unaware of how it occurred but offered that the child may have bumped his head on the nightstand. According to the petition, hospital staff reported that prior to the incident, the mother had twice been found allowing the child to sleep in unsafe conditions in her hospital room, despite previous instructions against such practices. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as two of the children share the same initials, we refer to them as L.S.-1 and L.S.-2 respectively, throughout this memorandum decision.

DHHR further alleged that petitioner's older children were similarly situated to L.S.-1 and were also abused and neglected children.

The next month, the DHHR filed an amended petition after the mother disclosed that she previously lied about how L.S.-1 sustained a skull fracture and subdural hematoma. According to the amended petition, the mother recanted her previous story and reported that she accidentally dropped L.S.-1 but chose not to inform hospital staff because she did not want to get in trouble. The mother also stated that petitioner was not present at the time she dropped L.S.-1 and was unaware of the incident. Based upon petitioner's new disclosure, the DHHR alleged that the mother neglected L.S.-1 by failing to seek medical care for him following his accidental injuries.

Petitioner moved for and was granted a preadjudicatory improvement period in August of 2019. However, the DHHR reported in the weeks after petitioner was granted an improvement period that he was discharged from parenting services after harassing and threatening service providers, threatening and controlling the mother in the presence of service providers, failing to participate in drug screens, failing to abide by service provider rules during visitation with the children, and failing to schedule therapy until his improvement period was nearly over.

The DHHR filed a second amended petition in November of 2019 alleging that petitioner's anger issues affected his ability to properly parent the children. The following month, petitioner stipulated to the allegations set forth in the second amended petition and was granted a post-adjudicatory improvement period.

The circuit court held a review hearing on petitioner's improvement period in May of 2020, wherein the DHHR reported that petitioner had been discharged from therapy for noncompliance, failed to comply with parenting and adult life skills classes, failed to comply with the rules of visitation, failed to participate in domestic violence classes, and failed to accept responsibility for his role in the neglect of the children. Despite these issues, the court continued petitioner's improvement period. The next month, the circuit court held a final review hearing on petitioner's post-adjudicatory improvement period wherein it found that petitioner had failed to substantially comply with the terms and conditions of the improvement period. It scheduled the matter for a dispositional hearing.

In August of 2020, after being notified that petitioner was participating in a batterer's intervention course and had separated from the mother, the circuit court deferred petitioner's dispositional hearing and granted him a post-dispositional improvement period over the DHHR's objection. The next month, the circuit court approved the terms of petitioner's post-dispositional improvement period and ordered that the improvement period be effective that month.

The circuit court held a review hearing in October of 2020. The DHHR reported that petitioner had failed to participate in drug screens, failed to schedule his substance abuse evaluation until a few days before the review hearing, and failed to produce records or sign releases to prove his compliance with therapy. Based upon petitioner's noncompliance, the circuit court terminated his post-dispositional improvement period and scheduled the matter for further hearing.

The circuit court held a final dispositional hearing in February of 2021, during which it terminated petitioner's parental rights to the children. The DHHR put on evidence of petitioner's noncompliance with services throughout the proceedings. After hearing the evidence, the circuit court found that petitioner's initial improvement period began in August of 2019 and that, despite some compliance with services, petitioner failed to respond or follow through with his case plan and the services provided to him. The circuit court further found that petitioner had received services for so long that he had exhausted the payment limits set by the DHHR for services. Despite that limit, the court ordered the DHHR to continue providing services to petitioner. The court found that petitioner was provided multiple services, despite his misbehavior resulting in his discharge from several providers. The court found that petitioner's anger issues were documented by service providers and were apparent at hearings throughout the proceedings. Ultimately, it found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. Petitioner now appeals the circuit court's February 16, 2021, order terminating his parental rights to the children.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect. In support of his argument, petitioner contends that the main condition of abuse or neglect which needed to be corrected was his inability to control his anger. Petitioner concedes that "he is not the easiest person to get along with," but argues that he was compliant with attending anger management and parenting classes. Petitioner also contends that he regularly and consistently exercised visitation throughout the proceedings. Therefore, petitioner contends that the DHHR failed to prove by clear and convincing evidence that he was not capable of substantially correcting the conditions of abuse and neglect. We find petitioner's argument unpersuasive.

---

[2]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

West Virginia Code § 49-4-604(c)(6) provides that "upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is "necessary for the welfare of the [children]," then the circuit court may terminate the parental rights of an abusing parent. West Virginia Code § 49-4-604(d) provides that these conditions exist when "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help," for example when "the abusing parent . . . [has] not responded to . . . a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of a child as evidenced by the continuation . . . of [the] conditions." W. Va. Code § 49-4-604(d)(3). When considering whether an abusing parent has responded to a reasonable family case plan, the circuit court must consider what progress, if any, was made during the abusing parent's improvement period.

> At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of *all the circumstances of the case* to justify the return of the [children].

Syl. Pt. 2, *In re C.M.*, 235 W. Va. 16, 770 S.E.2d 516 (2015) (emphasis added).

The record is clear, when considering all of the circumstances, that petitioner did not make sufficient improvement in his parenting. Several review hearings were held throughout the proceedings, many of which illustrated major concerns. Petitioner was granted a preadjudicatory improvement period in August of 2019. However, the DHHR reported in the following weeks that petitioner was discharged from parenting services after harassing and threatening service providers, threatening and controlling the mother in the presence of service providers, failing to participate in drug screens, failing to abide by rules during visitation with the children, and failing to schedule therapy until his improvement period was nearly over. After stipulating to additional issues of abuse and neglect in a second amended petition, petitioner was granted a post-adjudicatory improvement period in December of 2019. However, by May of 2020, the DHHR reported that petitioner had been discharged from therapy for noncompliance, failed to comply with parenting and adult life skills classes, failed to comply with the rules of visitation, failed to participate in domestic violence classes, and failed to accept responsibility for his role in the neglect of the children. Despite these issues, the court extended petitioner's post-adjudicatory improvement period. In August of 2020, after being notified that petitioner was participating in a batterer's intervention course and had separated from the mother, the circuit court deferred petitioner's dispositional hearing and granted him a post-dispositional improvement period over the DHHR's objection. By October of 2020—over one year after first granting petitioner a preadjudicatory improvement period—the DHHR reported that petitioner had failed to participate in drug screens, failed to schedule his substance abuse evaluation until a few days before the review hearing, and failed to produce records or sign releases to prove his compliance with therapy. In short, petitioner failed to respond to a reasonable family case plan designed to remedy the conditions of abuse and neglect. Although he participated in many of the services provided at one time, petitioner had ceased participating in most services by the end of the proceedings.

4

Petitioner was afforded substantial time to improve, yet his progress was very slow, and the circuit court noted deficiencies at multiple review hearings. Nonetheless, the circuit court continued to give petitioner opportunities to improve. Finally, after a year and a half of services and instruction, petitioner continued to exercise poor judgment and failed to remain drug free. When considering the lack of petitioner's improvement over the length of the case, we find that the circuit court did not clearly err in finding there was no reasonable likelihood that the conditions of abuse or neglect could be corrected in the near future.

Next, petitioner argues that the circuit court erred when it declined to extend his post-dispositional improvement period. Petitioner argues that he took it upon himself to find service providers willing to offer in person services during the COVID-19 pandemic and that he had completed twenty of thirty-two batterer's intervention and prevention program classes but was "given little credit for his success with these classes." Petitioner also argues that he was participating in parenting classes and regularly and consistently exercised visitation with the children. As such, he argues that he showed substantial progress during most of his improvement periods and should have been granted an extension of his post-dispositional improvement period. Upon our review, we find that petitioner is entitled to no relief on appeal.

West Virginia Code § 49-4-610(6) governs extensions to improvement periods and provides that

> [a] court may extend any improvement period . . . for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child[ren].

*See also* Syl. Pt. 7, *In re Isaiah A.*, 228 W. Va. 176, 718 S.E.2d 775 (2010) (holding that the circuit court must make the findings specified in West Virginia Code § 49-4-610(6) prior to granting an extension of an improvement period).

Here, the circuit court did not err in denying petitioner's motion for an extension of his improvement period due to his failure to substantially comply with the terms and conditions of that improvement period. "When any improvement period is granted to a [parent] . . . the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). As found by the circuit court, petitioner missed appointments with service providers, failed to consistently drug screen, and failed to consistently participate in parenting classes. Additionally, petitioner failed to schedule his substance abuse evaluation until a few days before a final improvement period review hearing and had failed to produce records or sign releases so the DHHR could obtain records related to that therapy. Based on petitioner's failure to meet these terms of his post-dispositional improvement period, the circuit court did not abuse its discretion in concluding that petitioner had not "substantially complied" with the terms of his improvement period.

Furthermore, West Virginia Code § 49-4-610(9) provides that

> no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

In February of 2021, when the circuit court issued its final decision, the children had already been in foster care since June of 2019. The circuit court considered this statutory requirement and did not find compelling circumstances existed to extend the time limits for improvement periods. Accordingly, we find no error in the circuit court denying petitioner's motion for an extension of his improvement period.

Finally, petitioner argues that the circuit court abused its discretion in terminating his parental rights when less-restrictive alternatives were available. He asserts that he has "a demonstrated bond with his children as they do with him." Petitioner avers that the children's best interests would have been served by returning them to his custody because terminating his parental rights "harms the children as well." We find petitioner's argument to be without merit.

As noted above, West Virginia Code § 49-4-604(c) provides that a circuit court may terminate the parental rights of an abusing parent upon finding that there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future and that termination is necessary for the welfare of the children. The circuit court properly considered petitioner's lack of progress throughout this lengthy case, in addition to the children's need for permanency. Petitioner could not meet the needs of his children despite a year and a half of services and instruction. We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Therefore, we find that the circuit court did not abuse its discretion in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 16, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton